FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2022

SEAN F. McAVOY, CLERK

1   Vanessa R. Waldref
    United States Attorney
2   Eastern District of Washington
3   Todd M. Swensen
    Assistant United States Attorney
4   402 E. Yakima Ave., Suite 210
5   Yakima, WA 98901
6   Telephone: (509) 454-4425

7

8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF WASHINGTON

10   UNITED STATES OF AMERICA          )    NO:  1:21-CR-02055-SMJ
                                       )
11                                     )
12                   v.                )
                                       )    Plea Agreement
13                                     )
     BEVERLEIGH QUENAN PETERSON        )
14                                     )

15

16        The United States of America, by and through Vanessa R. Waldref,

17   United States Attorney for the Eastern District of Washington, and Todd M.

18
     Swensen, Assistant United States Attorney for the Eastern District of
19
20   Washington, and Defendant, BEVERLEIGH QUENAN PETERSON, and

21   Defendant's counsel, ALEX B. HERNANDEZ, III, agree to the following Plea

22
     Agreement:
23

24   1.    **Guilty Plea:**

25
          Defendant, BEVERLEIGH QUENAN PETERSON, agrees to plead guilty to
26
27   Count One of the Information in this case, charging Defendant with Theft of

28   Government Funds, in violation of 18 U.S.C. § 641.

PLEA AGREEMENT
PAGE - 1

**2.    Maximum Statutory Penalties:**

Defendant, BEVERLEIGH QUENAN PETERSON, understands that this is a Class C felony charge, which carries a maximum penalty of ten years imprisonment; a fine not to exceed $250,000; three years of supervised release; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

**3.    The Court is Not a Party to the Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court may obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable

PLEA AGREEMENT
PAGE - 2

sentencing guideline range but may depart upward or downward under the appropriate circumstances.

Defendant understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

4.    **Waiver of Constitutional Rights:**

Defendant, BEVERLEIGH QUENAN PETERSON, understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      (a).    The right to a jury trial;

      (b).    The right to see, hear and question the witnesses;

      (c).    The right to remain silent at trial;

      (d).    The right to testify at trial; and

      (e).    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that he/she retains the right to be assisted through the sentencing, and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney.

//

//

PLEA AGREEMENT
PAGE - 3

5.    **Effect on Immigration Status:**

Defendant, BEVERLEIGH QUENAN PETERSON, recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including her attorney or the District Court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

6.    **Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Theft of Government Funds, in violation of 18 U.S.C. § 641, the United States would have to prove beyond a reasonable doubt the following elements:

(a)    First, the defendant knowingly stole money with the intention of depriving the owner of the use or benefit of the money;

(b)    Second, the money belonged to the United States; and

(c)    Third, the value of the money was more than $1,000.

//

PLEA AGREEMENT
PAGE - 4

7.    **Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for BEVERLEIGH QUENAN PETERSON's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

In 2014, Defendant began working for the United States Postal Service. Starting in late 2014, Defendant began working sales and service/distribution in the post office located in Buena, Washington. Defendant began stealing small amounts of money from the post office. Initially, Defendant paid the funds back. In early 2018, however, Defendant began processing fraudulent refunds on a large scale and did not pay the money back. During February and March 2018 Defendant processed fraudulent refunds totaling $70,303.57. For example, on March 8, 2018, Defendant processed a fraudulent refund in the amount of $2,383.00 and kept the money for herself. Defendant later admitted to agents that she used the money for personal expenses.

//

//

PLEA AGREEMENT
PAGE - 5

**8.    The United States Agrees:**

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States also agrees to dismiss any remaining counts of the Indictment against Defendant.

**9.    United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the Court will consult the United States Sentencing Guidelines (hereinafter "U.S.S.G.") and take them into account when sentencing. Defendant also understands, however, that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

(a)    Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and enters a plea of guilty as soon thereafter as it may be

PLEA AGREEMENT
PAGE - 6

placed on the court's docket, the United States will recommend that Defendant

receive a two (2) level reduction for acceptance of responsibility, and if

Defendant's adjusted offense level is sixteen (16), or greater, the United States will

move for a one (1)-level reduction for timeliness.  See U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its

option and upon written notice to the Defendant, not recommend a three (3) level

downward reduction for acceptance of responsibility if, prior to the imposition of

sentence, the Defendant is charged or convicted of any criminal offense

whatsoever or if the Defendant tests positive for any controlled substance.

(b)    Criminal History:

The United States and Defendant make no agreement regarding Defendant's

criminal history.

(c)    Total Offense Level:

The United States and Defendant agree that the base offense level is 6, and

that after acceptance of responsibility, the total offense level is 10.

**10.    Incarceration:**

The United States and Defendant agree to recommend that Defendant be

sentenced to three years of probation.

//

//

PLEA AGREEMENT
PAGE - 7

**11.    Fines:**

The United States and Defendant reserve the right to make whatever recommendation they believe is appropriate concerning the imposition of a criminal fine.

**12.    Restitution:**

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663A and 3664, the Court should order the Defendant to pay restitution. With respect to restitution, the parties agree to the following:

(a)    Restitution Amount and Interest

Pursuant to 18 U.S.C. § 3663A, the Court shall order restitution in the amount of $70,303.57 payable to the United States Postal Service. The interest on this restitution amount should be waived.

(b)    Payments

The parties agree the Court will set a restitution payment schedule based on her financial circumstances. See 18 U.S.C. § 3664(f)(2), (3)(A). That said, Defendant agrees to pay not less than 10% of her net monthly income towards his restitution obligation.

(c)    Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's

PLEA AGREEMENT
PAGE - 8

1   federal tax refund, federal retirement benefits, or other federal benefits and apply these

2   monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. §

3

4   3720A; 31 U.S.C. § 3716.

5       Defendant also understands the United States may, notwithstanding the Court-

6

7   imposed payment schedule, pursue other avenues to ensure the restitution obligation is

8   satisfied, including, but not limited to, garnishment of available funds, wages, or

9   assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment

10

11   shall be construed to limit Defendant's ability to assert any specifically identified

12   exemptions as provided by law, except as set forth in this Plea Agreement.

13       Until a fine or restitution order is paid in full, Defendant agrees fully to disclose

14

15   all assets in which she has any interest or over which she exercises control, directly or

16   indirectly, including those held by a spouse, nominee or third party.  Defendant agrees

17

18   to truthfully complete the Financial Disclosure Statement that will be provided by the

19   earlier of 30 days from Defendant's signature on this plea agreement or the date of

20   Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to

21

22   both the United States Attorney's Office and the United States Probation Office.

23   Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on

24

25   Defendant upon the signing of this Plea Agreement. Until such time as the fine or

26   restitution order is paid in full, Defendant agrees to provide waivers, consents or

27

28

PLEA AGREEMENT
PAGE - 9

releases requested by the U.S. Attorney's Office to access records to verify the

financial information.

        (d)   Notifications

      The Defendant agrees to notify the Court and the United States of any material

change in her economic circumstances (e.g., inheritances, monetary gifts, changed

employment, or income increases) that might affect her ability to pay restitution. *See*

18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

      The Defendant agrees to notify the United States of any address change within 30

days of that change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the

restitution is paid-in-full.

**13.**   **Forfeiture:**

      The parties agree forfeiture applies. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C.

§ 2461(c). With respect to forfeiture, the parties agree to the following:

        (a)   Forfeitable Property

      The United States shall seek a forfeiture money judgment in this matter and

will not seek to forfeit specific property, except as set forth in this Plea Agreement

or authorized by law. The United States will not seek to forfeit proceeds in an

amount exceeding what Defendant actually obtained as a result of the crime.  *See*

*Honeycutt v. U.S.*, 137 S. Ct. 1626 (2017).

//

PLEA AGREEMENT
PAGE - 10

(b)    <u>Money Judgment</u>

Defendant agrees to forfeit to the United States all right, title, and interest in the following property: a money judgment in the amount of $70,303.57, which represents the amount of proceeds Defendant obtained as a result of her illegal conduct.

(c)    <u>Substitute Property</u>

Defendant understands the United States may seek for Defendant to forfeit substitute property in satisfaction of the money judgment if the United States can establish the following regarding the above-described property (i.e., the money judgment): a) it cannot be located upon the exercise of due diligence; b) it has been transferred or sold to, or deposited with, a third party; c) it has been placed beyond the Court's jurisdiction; d) it has substantially diminished in value; e) it has been commingled with other property and cannot be divided without difficulty. *See* 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p). The United States will not seek to forfeit substitute property from other defendants or co-conspirators; it may only forfeit substitute property from Defendant. *See* 21 U.S.C. § 853(p).

(d)    <u>Application of Forfeited Property to Restitution</u>

Defendant understands the United States will seek restitution for the victim(s) in this case independent of this money judgment.  It is the parties' mutual understanding that the United States Attorney's Office will seek approval to apply

PLEA AGREEMENT
PAGE - 11

the proceeds of any forfeited assets to Defendant's restitution

obligations. Defendant recognizes the final decision to approve this application

rests with the Attorney General. *See* 18 U.S.C. § 981(d), (e); *see also* 28 C.F.R. 9

*et. seq.*

      (e)   Cooperation on Forfeited Assets

     Defendant agrees to cooperate with the United States in passing clear title on

all forfeited assets. Defendant also agrees to assist the United States in locating

any assets that: 1) are the proceeds of illegal conduct (as outlined in this Plea

Agreement), and 2) have not been dissipated. If such assets are located, then

Defendant will stipulate to their forfeiture.

      (f)   Waiver

     Defendant agrees to waive oral pronouncement of forfeiture at the time of

sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(B).

      (g)   Non-Abatement of Criminal Forfeiture

     Defendant agrees that the forfeiture provisions of this plea agreement are

intended to, and will, survive her, notwithstanding the abatement of any underlying

criminal conviction after the execution of this agreement. The forfeitability of any

particular property pursuant to this agreement, including any substitute property

subject to forfeiture, shall be determined as if Defendant had survived, and that

determination shall be binding upon Defendant's heirs, successors and assigns until

PLEA AGREEMENT
PAGE - 12

the agreed forfeiture, including any agreed money judgment amount and substitute property subject to forfeiture in satisfaction of the money judgment, is collected in full.

**14.    Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

**15.    Payments While Incarcerated:**

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

**16.    Appeal Rights:**

The Defendant understands that she has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives her right to appeal the conviction and the sentence the Court imposes, including any restitution order, so long as the restitution amount is less than $100,000. The Defendant further expressly waives her right to file any post-conviction motion attacking her conviction and sentence, including a motion

PLEA AGREEMENT
PAGE - 13

pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the Plea Agreement.

**17.    Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United

PLEA AGREEMENT
PAGE - 14

States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

VANESSA R. WALDREF
Acting United States Attorney

_____    28 February 2022
TODD M. SWENSEN          Date
Assistant United States Attorney

PLEA AGREEMENT
PAGE - 15

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     2-23-22
BEVERLEIGH QUENAN PETERSON     Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____     2-23-22
ALEX B. HERNANDEZ, III     Date
Attorney for Defendant

PLEA AGREEMENT
PAGE - 16